GERTRUDE ROSE SCHMIDT v. WALTER SCHMIDT.

229 N. W. 2d 40.

May 9, 1975—No. 45144.

*Nilva & Frisch* and *N. Bruce Singer*, for appellant.
*Memmer, Caswell & Parks* and *Clayton Parks, Jr.*, for respondent.

PER CURIAM.

This appeal from the judgment entered in a divorce action raises issues arising out of the transfer of the sum of $5,000 by plaintiff wife to defendant husband prior to the marriage. We affirm.

The parties were first married in 1947 and divorced in 1962. A chance meeting in March of 1971, when the parties were in their late fifties, occasioned an aggressive effort by plaintiff to effect a remarriage. Defendant had many reservations as to the advisability of a remarriage. Time passed and in May of 1972, plaintiff gave defendant a check in the sum of $5,000. Defendant deposited the check in his savings account. Plaintiff testified that her reason for the transfer of the funds was to provide defendant with the means to winterize his cottage which would be used by the couple in their retirement. This version is disputed by defendant who testified that plaintiff gave him the money to do with as he pleased.

The uncontested facts are that in the month of July 1972, defendant purchased a new automobile. Plaintiff was present at the time of the purchase and gave the automobile dealer her personal check in payment of the purchase price. Thereafter, defendant reimbursed her from the funds in his savings account.

Prior to the marriage the parties engaged a lawyer to prepare an antenuptial agreement for them, which was executed 3 days after the marriage. This agreement provided:

"* * * [I]n the event that the marriage into which the parties hereto shall soon enter ends in divorce, the property which each brings into the marriage shall revert to its respective owner as if there had been no marriage."

The agreement further provided:

"The sum of Five Thousand Dollars ($5,000.00) which Gertrude has given to Walter shall become the property of Walter to do with as he pleases, except that in the event of a divorce, he shall pay all attorneys' fees for both parties from said fund which is presently in a savings account in the First Merchants State Bank."

The parties were married September 8, 1972, and this action was commenced in April, 1973. The trial court granted plaintiff the divorce and ordered a division of the property as provided in the agreement. In a memorandum, made a part of the order, the trial court found the transfer of the $5,000 to defendant to be a valid gift.

Plaintiff's appeal is based on two positions: (1) That the transfer of the $5,000 was made without donative intent, was conditioned upon future events, and was brought about while defendant executed undue influence over plaintiff or through fraud, and (2) that the antenuptial agreement entered into between the parties promoted and facilitated a divorce and was therefore void.

The evidence produced at the trial was overwhelming in support of the fact that plaintiff was clearly more interested in remarrying. The evidence was equally forceful that defendant had real reservations concerning the success of a second marriage.

There was more than adequate evidence to sustain the trial court's finding that the gift of the $5,000 was final and completed prior to the marriage. There is also adequate evidence, independent of the antenuptial agreement, to sustain the trial court's findings and conclusions, incorporated into the divorce decree. We therefore need not pass on the validity of that agreement.

Affirmed.